IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br>　　　v.<br>JAMES VICTOR PUNELLI,<br>　　　*Defendant*. | **UNDER SEAL**<br>Case No. 1:25-mj-291 |

GOVERNMENT'S MOTION TO SEAL COMPLAINT AND ARREST WARRANT
PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order to Seal the complaint, affidavit in support of the complaint, and arrest warrant until the Defendant is arrested.

**I.    REASONS FOR SEALING** (Local Rule 49(B)(1))

1.    The above-captioned Defendant is not in federal custody.   He is charged with wire fraud in violation of 18 U.S.C. 1343.

2.    Premature disclosure of the charge against the Defendant would jeopardize the ongoing criminal investigation of the Defendant by impeding the ability to locate and arrest the defendant.   Disclosure of the complaint, affidavit in support of the complaint, and arrest warrant would provide the Defendant with advance notice of potential charges, which if discovered, would incentivize the Defendant to flee to avoid prosecution.

**II.    REFERENCES TO GOVERNING CASE LAW** (Local Rule 49(B)(2))

3.    The Court has the inherent power to seal complaints and affidavits in support of complaints. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975);

*United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Sealing the complaint and affidavit in support of the complaint is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely. *See e.g.*, *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988); *Matter of Eye Care Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996); *Matter of Flower Aviation of Kansas, Inc.*, 789 F.Supp. 366 (D. Kan. 1992).

### III.    PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

4. The complaint, affidavit in support of the complaint, and arrest warrant would need to remain sealed until the Defendant is arrested. Upon the Defendant's arrest, pursuant to Local Rule 49(B)(3), the sealed materials will be automatically unsealed and handled as such.

5. The United States has considered alternatives less drastic than sealing and has

found none that would suffice to protect this investigation.

      WHEREFORE, the United States respectfully requests that the complaint, affidavit in support of the complaint, and arrest warrant be sealed until the Defendant is arrested.

                                                  Respectfully submitted,

                                                  Erik S. Siebert
                                                  United States Attorney

                         By:      s/   *Jordan Patterson*_____

                                                  Special Assistant United States Attorney